D. Maimon Kirschenbaum
Michael DiGiulio
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x
ANGELO ESPINAL, CONOR DOTY, and NICOLE GUIDETTI, on behalf of themselves and others similarly situated,

        **Plaintiffs,**

  v.

TABLEONE BSNYC LLC, d/b/a/ BAR SPREZZATURA, KIMPTON HOTEL & RESTAURANT GROUP, LLC d/b/a KIMPTON HOTEL,

        **Defendants.**
-----------------------------------------------------x

CASE NO. 1:25-CV-5123

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

3. Defendant Tableone BSNYC LLC ("Table One") is a Delaware limited liability company that owns and operates Bar Sprezzatura (the "Restaurant") located in the Kimpton Hotel at 790 8th Avenue, New York, New York 10019.

4. Defendant Table One has an annual gross volume of sales in excess of $500,000.

5. Defendant Kimpton Hotel & Restaurant Group LLC ("Kimpton Hotel") is a Delaware limited liability company that owns and operates the Kimpton Hotel, in which Bar Sprezzatura is located, at 790 8th Avenue, New York, New York 10019.

6. Defendant Kimpton Hotel has an annual gross volume of sales in excess of $500,000.

7. Upon information and belief, in early 2025, Defendant Kimpton Hotel became the owner of Defendant Table One. Managers at the Restaurant report directly to managers and employees of Defendant Kimpton Hotel. Defendant Kimpton Hotel's employees have day to day authority and control over the Restaurant, including the ultimate plenary authority to hire, fire, and set the terms of employment for Plaintiffs and other employees at the Restaurant.

8. Plaintiff Angelo Espinal has been employed by Defendants as a barback at Bar Sprezzatura from its opening in September 2024 through the present.

9. Plaintiff Conor Doty has been employed by Defendants as a bartender at Bar Sprezzatura from September 2024 through the present.

10. Plaintiff Nicole Guidetti was employed by Defendants as a server at Bar Sprezzatura from September 2024 to June 9, 2025.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiffs brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt service employees employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required overtime pay rate. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiffs brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt service employees employed

by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

16.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

17.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation for all hours worked, unlawfully retaining portions of event service charges, and failing to provide adequate wage notices and statements. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

    b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

    c) Whether Defendants paid Plaintiffs and the Class members the required minimum wage for all hours worked.

    d) Whether Defendants properly compensated Plaintiffs and Class members for overtime hours.

    e) Whether Defendants provided Plaintiffs and the Class members with adequate wage notices and wage statements.

    f) Whether Defendants retained a portion of event service charges to which Plaintiffs and the Class members were entitled.

  g)  Whether Defendants paid Plaintiffs and the Class members for all hours worked.

## FACTS

22. Plaintiffs' Consent to Sue forms are attached hereto in Exhibit A.

23. Defendants committed the following alleged acts knowingly, intentionally and willfully.

24. Defendants knew that nonpayment of minimum wage and overtime compensation, unlawful deductions from pay, and misappropriation of tips, would economically injure Plaintiffs, FLSA Collective Plaintiffs, and the Class, and violated federal and state laws.

25. At all relevant times, Defendants have paid all tipped employees, including Plaintiffs, the New York's foodservice worker's minimum wage, which is less than the full New York minimum wage.

26. Defendants were not entitled to pay tipped employees the lower foodservice workers' minimum wage because Defendants failed to provide them with written notice that Defendants were taking a tip credit from the minimum wage.

27. Defendants were required to provide written notice of the tip credit at the beginning of Plaintiffs' and the other tipped employees' employment, but Defendants failed to do this.

28. Defendants were also required to provide written notice of the tip credit whenever the tip credit changed, which occurred January 1, 2025, but Defendants failed to do this.

29. In fact, Defendants never provided Plaintiffs or the Class members with any wage notices, as required by NYLL § 195(1). As a result, Defendants' payment of the tip credit minimum wage was an underpayment.

30. In addition, during certain shifts Plaintiffs and other tipped employees were required to spend more than 20% of their time or 2 hours performing non-service work (i.e., side work). Often Plaintiffs were required to work more than 2 hours, or 20% of their shifts, doing side work while the Restaurant was closed to the public.

31. For example, Plaintiff Espinal often worked shifts that lasted from 11:00am to 6:00/7:00pm.

32. However, the Restaurant is closed to customers from 10:30am-11:30am and from 2:00pm to 5:00pm. During the time that the Restaurant was closed to customers, Plaintiff Espinal had to perform side work, including but not limited to cleaning, restocking the bar, and prepping the dinner shift. That is, Plaintiff Espinal would often spend at least three to three and a half hours of his shift doing non-service side work.

33. By way of another example, Plaintiff Guidetti often worked shifts that lasted from 5:30am to 11:30am/12:00pm. However, the Restaurant did not open until 7:00am and was closed from 10:30am to 11:30am. When the restaurant was closed to customers, Plaintiff Guidetti was responsible for doing side work, including but not limited to cleaning, setting tables, stocking stations and dishware. That is, Plaintiff Guidetti would often spend at least two to two and a half hours of her shift doing non-service side work.

34. Because Defendants required tipped employees to do more than 20% or 2 hours of side work during certain shifts, Defendants' payment of the tip credit minimum wage during those shifts was unlawful.

35. Defendants did not pay Plaintiffs for all of their hours worked. Specifically, for a portion of Plaintiffs' employment, Defendants automatically deducted a break period from their shifts, even though Plaintiffs did not take a breaks.

36. Plaintiffs often worked more than 40 hours per week. For example, during the week of October 27, 2024-November 2, 2024, Plaintiff Espinal was paid for 50.79 hours and worked at least that many hours. For example, during the week of June 1-7, 2025, Plaintiff Guidetti was paid for 45.85 hours and worked at least that many hours. For example, during the week of December 29, 2024-January 4, 2025, Plaintiff Doty was paid for 40.16 hours and worked at least that many hours.

37. Accordingly, the unpaid time that Plaintiffs worked included both regular and overtime hours.

38. Moreover, the overtime compensation that Defendants did pay was at an incorrect rate. Namely, because Defendants inappropriately calculated Plaintiffs' regular rate as the foodservice workers' minimum wage, it inappropriately applied a tip credit to Plaintiffs' overtime rate.

39. Defendants paid Plaintiffs and the other tipped employees, in part, by tips. Defendants required Plaintiffs to pool their tips with all of the other tipped employees at the Restaurant.

40. Plaintiffs and other tipped employees often worked special or private events at the Restaurant.

41. Defendants charged special event customers a service charge. Upon information and belief, Defendants retained a portion of this service charge instead of distributing it to Plaintiffs and other tipped employees.

42. Plaintiffs complained to managers that they were not receiving the entirety of the service charge and asked for a breakdown of the service charge amounts and distribution. Defendants refused to provide that information.

43. Defendants failed to provide wage statements to Plaintiffs that complied with NYLL § 195(3). Among other things, because Defendants automatically deducted break time that Plaintiffs did not take, the wage statements provided by Defendants did not contain the actual hours that Plaintiffs worked.

44. Had Plaintiffs been given this legally required information, Plaintiffs would have been in a better position to advocate for their rights when they did complain to Defendants, and they would have complained sooner.

45. In addition, because Defendants paid Plaintiffs for the amount of hours listed on their wage statements, rather than their (higher) number of hours actually worked, the failure to list Plaintiffs' actual hours worked on the wage statements caused the nonpayment of wages for some of Plaintiffs' hours worked.

46. Defendants knowingly committed the foregoing acts against the Plaintiffs, FLSA Collective members, and members of the Class.

## FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs**)

47. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

48. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

49. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

50. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members the appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

51. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*
Brought by Plaintiffs on Behalf of Themselves and the Class)**

52. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

53. Defendants did not pay Plaintiff and the Class members the New York minimum wage for all hours worked.

54. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF
**(New York Overtime Violations,
N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4
Brought by Plaintiffs on Behalf of Themselves and the Class)**

55. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

56. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

57. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

58. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

59. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

60. Throughout the statute of limitations period covered by these claims, Defendants knowingly and willfully retained/misappropriated gratuities belonging to Plaintiffs and the Class members.

61. Plaintiffs, on behalf of themselves and the Class members, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the NYLL, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (New York Wage Notice and Statement Requirements, N.Y. Lab. L. §§ 195, 198 Brought by Plaintiffs on Behalf of Themselves and the Class)

62. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

63. Defendants did not provide Plaintiffs and the members of the Class with wage notices and statements that contained the required information under N.Y. Lab. Law § 195.

64. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in an amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.   Penalties available under applicable laws;

G.   Costs of action incurred herein, including expert fees;

H.   Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I.   Pre-judgment and post-judgment interest, as provided by law; and

J.   Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
        June 17, 2025

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ *D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.