MICHAEL DIGIULIO, ESQ.
MAIMON KIRSCHENBAUM, ESQ.
**JOSEPH & KIRSCHENBAUM LLP**
45 Broadway, Suite 320
New York, NY 10006
Telephone: (212) 688-5640
mike@jk-llp.com
maimon@jk-llp.com

Attorneys for Plaintiffs

CHRISTOPHER P. HAMPTON, ESQ.
NETANEL NEWBERGER, ESQ.
**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue
Mineola, NY 11501
Telephone: (516) 747-0300
champton@meltzerlippe.com
nnewberger@meltzerlippe.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ANGELO ESPINAL, CONOR DOTY, NICOLE GUIDETTI, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

TABLEONE BSNYC LLC, d/b/a BAR SPREZZATURA, KIMPTON HOTEL & RESTAURANT GROUP, LLC d/b/a KIMPTON HOTEL,

Defendants.

Case No. 1:25-cv-5123 (JPO)

**DECLARATION OF JENNIFER MILLS FOR RUST CONSULTING, INC.**

I, Jennifer Mills, declare as follows:

1. I am a Program Manager for Rust Consulting, Inc. ("Rust"). My business address is 920 2nd Ave S, Suite 400, Minneapolis, Minnesota 55402. My telephone number is 612-590-5217. I am over twenty-one years of age and am authorized to make this declaration on behalf of Rust and myself.

2. Rust has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, property damage, employment discrimination, employment wage and hour, product liability, insurance and consumer issues. We have provided notification and/or claims administration services in more than 8,500 cases. Of these, over 4,000 were Labor & Employment cases.

3. Rust was engaged by Counsel for the Plaintiffs and Counsel for the Defendants (collectively the "Parties") to provide notification services in the *Espinal et al. v. Tableone BSNYC LLC et al.* Settlement ("Settlement"). Duties included: a) preparing, printing and mailing of the *Official Court Notice* ("Notice") and *Claim Form and Release* ("Claim Form"); (collectively known as the "Class Notice"); b) receiving and reviewing Claim Forms; c) tracking of Opt-Out Statements and objections; d) drafting and mailing Settlement Award checks; and e) for such other tasks as the Parties mutually agree or the Court orders Rust to perform.

4. Rust obtained a mailing address of Espinal v Tableone Settlement Administrator, c/o Rust Consulting, Inc. - 9201, P.O. Box 2396, Faribault, Minnesota 55021-9096 to receive Claim Forms, exclusions, objections, undeliverable Class Notices and other communications regarding the Settlement.

5. Rust obtained a toll-free telephone number of (866) 478-3389 for Class Members to call with questions regarding the Settlement. The toll-free telephone number was included in the Class Notice.

6. Rust obtained a facsimile number of (248) 733-6528 for receiving communications about the Settlement. The facsimile number was included in the Class Notice.

7. Rust obtained an email address of info@BarSprezzaturaWageSettlement.com for receiving communications about the Settlement. The email address was included in the Class Notice.

8. On or about May 5, 2026, Rust received text for the Class Notice from Counsel. A draft of the formatted Class Notice was prepared by Rust and approved by the Parties. Attached as Exhibit A is a copy of the final Class Notice.

9. On or about May 20, 2026, Counsel for the Defendants provided Rust with a mailing list containing Class Member's names, last known addresses, Social Security Numbers and applicable employment information ("Class List"). The Class List contained data for 72 potential Class Members.

10. The Class Notice included the estimated Settlement Payment amount for Class Members. The estimated Settlement Payments were calculated by dividing each Class Member's total hours worked in a Covered Position during the Class Period by the total number of hours worked in Covered Positions by all Class Members during the Class Period. This calculation provided the percentage allocation number. The percentage allocation number was then multiplied by the estimated net settlement amount.

11. The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. The NCOA contains requested changes of address filed with the U.S. Postal Service. In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Class Notice.

12. On June 8, 2026, Class Notices were mailed to 72 Class Members contained in the Class List via First Class mail. The Class Notice advised Class Members that they could submit a Claim Form, exclusion, objection and/or dispute postmarked by August 7, 2026.

13. A draft of the formatted Class Notice to be sent via email was prepared by Rust and approved by the Parties. On June 8, 2026, of the 72 Class Members who were sent a Class Notice via First Class mail, 72 Class Members were sent a class Notice via email to an available email address contained in the Class List.

14. Rust performed 12 address traces on Class Notices returned as undeliverable for the first time as of August 7, 2026. The address trace utilizes the Class Member's name, previous address and Social Security Number for locating a current address. Of the 12 traces performed, 11 more current addresses were obtained and Class Notices were promptly re-mailed to those Class Members via First Class mail. Of the 12 traces performed, Rust did not obtain an updated address for one (1) undeliverable Class Notice. Of the 11 Class Notices mailed to a more current address identified from trace, zero (0) Class Notices were returned to Rust as undeliverable a second time. As of this date, one (1) Class Notice remains undeliverable.

15. As of this date, zero (0) Class Notices were returned by the Post Office with forwarding addresses attached as of August 7, 2026.

16. As of this date, Rust received one (1) request to re-mail the Class Notice which was promptly re-mailed via First Class Mail.

17. Re-mailed Class Notices were not provided an extended deadline. The deadline remained August 7, 2026.

18. As of this date, Rust received 46 Claim Forms with a postmark on or before August 7, 2026. Of the Claim Forms submitted on or before August 7, 2026, one (1) Class Member submitted a Claim Form with incomplete information and was sent a letter and asked to supply the missing information. Rust did not receive a complete Claim Form from the Class Member, and one (1) Claim Form remains incomplete. That is, 45 Class Members submitted completed Claim Forms, which amounts to a 62% claims rate (not including the Named Plaintiffs).

19. As of this date, Rust received zero (0) Opt-Out Statements.

20. As of this date, Rust received zero (0) objections.

21. The Net Settlement Amount is estimated to be $221,951.50. The estimated total claimed award amount is $195,273.27. Thus, 88% of the Net Settlement Amount has been claimed.

22. The total cost for the administration of this Settlement, including fees incurred and future costs for completion of the administration is estimated to be $6,993.00.

23. I declare under penalty of perjury that the above is true and correct to the best of my knowledge and that this Declaration was executed this 10th day of August 2026, at Minneapolis, MN.

JENNIFER MILLS

# Exhibit A

ESPINAL V TABLEONE SETTLEMENT ADMINISTRATOR
C/O RUST CONSULTING, INC. - 9201
PO BOX 2396
FARIBAULT, MN 55021-9096

FOR OFFICIAL USE ONLY

01

**IMPORTANT LEGAL MATERIALS**

*BARCODE39* - UAA - <<SequenceNo>>



**Claimant ID #:** <<barcode39>>

<<Name1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<Address3>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

*Re: Espinal, et al. v. Tableone BSNYC LLC, et al. Settlement*

# CLAIM FORM AND RELEASE

**THIS FORM IS INTENDED FOR <<NAME1>>.**
**IT IS ESTIMATED THAT YOU ARE ENTITLED TO APPROXIMATELY: $<<EstimatedAward>>.**

To receive a payment in the case of *Espinal, et al. v. Tableone BSNYC LLC,* Docket No. 1:25-cv-05123-JPO (the "Litigation"), you must sign and date this Claim Form and Release on the next page and return it to the Claims Administrator. It must be postmarked or received by **August 7, 2026**, and must be sent to the following address:

Espinal v Tableone Settlement Administrator
c/o Rust Consulting, Inc. - 9201
PO Box 2396
Faribault, MN 55021-9096

This form may also be emailed to info@BarSprezzaturaWageSettlement.com or faxed to (248) 733-6528.

We also ask that you fill in the box below with your telephone number and email address so that we may contact you more easily in the future.

| *TO BE FILLED OUT BY ADMINISTRATOR:* | *EMPLOYEE—FILL IN (I) YOUR TELEPHONE NUMBER AND EMAIL ADDRESS: AND (II) NOTE ANY CHANGES OR CORRECTIONS TO YOUR NAME OR ADDRESS AS SHOWN AT LEFT:* |
|---|---|
| NAME: <<Name1>><br>ADDRESS: <<Address1>><br>CITY, STATE, ZIP: <<city>>, <<State>>, <<Zip>> | TEL. ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___<br>AREA CODE TELEPHONE NUMBER<br>EMAIL: ____________<br>CHANGES TO NAME OR MAILING ADDRESS (IF ANY):<br>____________<br>____________<br>____________ |

*9201* *CF*

- <<SequenceNo>>

I affirm that I was employed at Bar Sprezzatura as a server, runner, busser, bartender, or barback and/or were allegedly subject to a tip credit and hereby assert a claim under the Fair Labor Standards Act and the New York Labor Law.

I hereby designate the firm of Joseph & Kirschenbaum LLP to represent me in this action.

By my signature below, I fully, finally, and forever completely settle, compromise, release, and discharge released Defendants from any and all past and present **wage and hour** claims, causes of action, disputes, demands, rights, liabilities, expenses, attorneys' fees and wage-related damages of any kind whatsoever, whether at common law, pursuant to any statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, local or other applicable law (including, but not limited to, the FLSA, 29 U.S.C. § 201, et seq., and the New York Labor Law) arising prior to the Final Approval Date. Such wage and hour claims include, for example: (1) wage claims asserted in or reasonably related to the Litigation; (2) claims for unpaid regular, straight time or overtime wages, minimum wages, late payment of wages, vacation, commissions, bonuses. By signing this Claim Form and Release, I hereby consent to become a party in this action.

The estimated Settlement Payment for <<Name1>> is $<<EstimatedAward>>.

I declare under penalty of perjury that the above information is correct.

SIGNATURE: ______________________________________________ DATE: ___ ___ / ___ ___ / ___ ___ ___ ___

IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Espinal v. Tableone BSNYC LLC, 1:25-cv-05123 (JPO)

**THIS IS AN OFFICIAL COURT NOTICE**

**If you worked at Tableone BSNYC LLC, d/b/a Bar Sprezzatura ("Bar Sprezzatura") in New York City as a tipped employee subject to the tip credit such as a Server, Runner, Bartender and/or Barback between June 18, 2019 and May 4, 2026, you may be entitled to money from a class action lawsuit settlement of up to $375,000.**

**This notice is intended for <<Name1>>. The estimated gross amount of your payment is $<<EstimatedAward>>.**

**YOU CAN GET THIS PAYMENT ONLY IF YOU SEND IN THE CLAIM FORM THAT IS ATTACHED TO THIS NOTICE.**

**PLEASE READ THIS NOTICE CAREFULLY TO LEARN ABOUT YOUR RIGHTS**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

---

This Notice is to tell you about the settlement of a class action lawsuit. This Notice has been authorized by a federal court.

The lawsuit was filed by workers at Bar Sprezzatura. The workers are called the "Plaintiffs." Bar Sprezzatura and Kimpton Hotel & Restaurant Group, LLC d/b/a Kimpton Hotel are called the "Defendants".

Plaintiffs sued the Defendants saying that they had violated the law by failing to pay overtime, minimum wages and other amounts. The Defendants denied that they had violated the law and say that they paid their employees correctly.

To avoid the risks of continuing with the lawsuit, the Plaintiffs and Defendants reached the Settlement in that the Defendants have agreed to deposit $375,000.00 into a fund that will be used to pay current and former workers, as well as to pay attorneys' fees, special awards to certain plaintiffs, expenses to litigate the case, and the expense of administering the settlement.

If the Court approves the settlement and you submit a claim form, you will receive a payment based on the number of hours you worked for Defendants, which will be reported to taxing authorities. Based on initial estimates, which are subject to change, you will receive $<<EstimatedAward>>.

Neither the attorneys for Plaintiffs nor Defendants can tell you what the consequences will be for your tax situation if you accept this payment. If you need advice on your taxes, you should seek your own personal tax advice before you respond to this Notice.

You must make certain choices now as explained on the next page:

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT OF CLAIMS:** | |
|---|---|
| **SUBMIT A CLAIM FORM** | To get a payment, you **must** fill in the Claim Form that is enclosed with this notice and return it to the Claims Administrator as explained in Question 7 below. This is the only way for you to receive a payment in this case. If you want to receive money from this settlement, you must submit the claim form by **August 7, 2026**.<br><br>This is explained in Question 7 below. |
| **DO NOTHING** | If you do nothing, you will not receive any payment and you will give up your right to sue Defendants for wage claims under state law. |
| **EXCLUDE YOURSELF** | If you exclude yourself from the settlement, you will not receive any payment from this settlement. Also, you will not release the Defendants from any claims under either state or federal law. This is further explained in Questions 8-10 below.<br><br>*If you exclude yourself from the settlement, you will not be entitled to receive any payment from the settlement fund.* |

| | |
|---|---|
| **OBJECT** | Write to the Court about why you object to the settlement. If you exclude yourself from the settlement, you may not object. If you object in writing, you may also ask to speak in Court about the fairness of the settlement. You may only ask to speak about the fairness of the settlement if you file a timely written objection to the settlement **and** if you do not exclude yourself from the settlement.<br><br>This is further explained in Question 10 below. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice. The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made only if the Court approves the settlement and after any appeals are resolved. Please be patient.

## 1. Why did I get this notice?

Defendants' records state that you worked at Bar Sprezzatura in New York City as a server, runner, busser, bartender, or barback and/or were allegedly subject to a tip credit sometime between June 18, 2019 and May 4, 2026. The Court ordered that you be sent this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, payments will be mailed to class members who submit a Claim Form on or by the deadline.

The Court overseeing this case is the United States District Court for the Southern District of New York. This lawsuit is known as *Espinal, et al. v. Tableone BSNYC LLC, et al.,* No. 1:25-cv-05123. The individuals who filed the lawsuit, Angelo Espinal, Conor Doty and Nicole Guidetti, are the "Plaintiffs." Their attorneys are called "Class Counsel." The "Defendants" are Tableone BSNYC LLC, d/b/a Bar Sprezzatura and Kimpton Hotel & Restaurant Group, LLC d/b/a Kimpton Hotel.

## 2. What is this lawsuit about?

In this lawsuit, the Plaintiffs claim that the Defendants violated federal and state wage laws by failing to pay minimum wage, failing to pay overtime and committing other violations of law. The Defendants deny that they did anything wrong and deny they underpaid employees. In fact, Defendants contend that they properly paid all employees correctly at all times, and believe their documentation shows proper payments, notices and wage statements. The parties have entered into this settlement to avoid the costs, delays, and risks associated with a trial. The Court has not made any determination about who is right or wrong in this lawsuit.

## 3. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have allegedly similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Judge Paul J. Oetken of the United States District Court for the Southern District of New York is presiding over this class action. Judge Oetken has not made any determination about who is right or wrong in this lawsuit.

## 4. How do I know if I am part of the settlement?

You are a member of the Class if you worked for Defendants as a tipped employee subject to the tip credit such as a Server, Runner, Bartender and/or Barback between June 18, 2019 and May 4, 2026. You have received this notice because Defendants have identified you as a Class Member based on their records.

## 5. Do I have a lawyer in this case?

The Court has appointed the lawyers at Joseph & Kirschenbaum LLP to represent all Class Members, including you. These lawyers are called "Class Counsel." You will not be charged for these lawyers. You do not need to retain your own lawyer in order to participate as a Class Member. If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel will ask the Court to approve payment of their litigation expenses and attorneys' fees of up to $125,000 from the total Settlement amount. The requested amount would pay Class Counsel for all work that they have performed in this action, including filing the complaint, investigating the facts, and negotiating and overseeing the settlement. Class Counsel's contact information is:

Michael DiGiulio, Esq.
Maimon Kirschenbaum, Esq.
Joseph & Kirschenbaum LLP
45 Broadway, Suite 320
New York, NY 10006
212-688-5640
mike@jk-llp.com
maimon@jk-llp.com

## 6. What does the settlement provide?

Defendants have agreed to pay a maximum of $375,000.00 in total settlement funds. If approved by the Court, the following payments and expenses will be deducted from the $375,000.00 prior to distribution of the settlement payments to Class Members:

- Attorneys' fees and costs: Class Counsel will apply to the Court for up to $125,000 as attorneys' fees and recovery of actual litigation expenses and costs.
- Service awards: If the Court approves such payments, Plaintiffs Angelo Espinal, Conor Doty and Nicole Guidetti may receive $5,000 each for services provided in this case.
- Settlement administration costs: The Settlement Claims Administrator's fees will be paid out of the settlement fund.

After these deductions, the remainder of the settlement fund will be divided among Class Members based on the number of hours they worked for Defendants and were allegedly subject to a tip credit as servers, runners, bussers, bartenders, or barbacks during the relevant liability period.

Based on the allocation formula that has been preliminarily approved by the Court, you will be entitled to receive an estimated net award of **$<<Estimated Award>>**, fifty percent (50%) of which will be reported to taxing authorities on a W-2 form and fifty percent (50%) on a 1099 form. The formula for your payment takes into account the number of hours you worked during the relevant period. The Settlement Agreement contains the exact allocation formula. You may obtain a copy of the Settlement Agreement from the Settlement Administrator (as explained in Paragraph 14, below).

## 7. How can I get my payment?

To receive money from the settlement, you must return a properly completed and signed Claim Form to the Claims Administrator by **August 7, 2026**. The Claims Form is enclosed with this Notice.

You may return your completed Claim Form by mail, email or fax to:

*Espinal v Tableone Settlement Administrator*
c/o Rust Consulting, Inc. - 9201
PO Box 2396
Faribault, MN 55021-9096
Email: info@BarSprezzaturaWageSettlement.com
Fax: (248) 733-6528
Phone: (866) 478-3389

If you wish to mail your Claim Form, you can use the enclosed pre-paid envelope provided with this Notice.

If you wish to check that your claim form was received, you can call the Claims Administrator at: (866) 478-3389 or send an email to: info@BarSprezzaturaWageSettlement.com. It is recommended that you call or email to confirm that your form was received about a week after you mail it. If the Claims Administrator does not receive the form, you will not get any payment.

If you move before the Settlement is paid, please give the Claims Administrator or Class Counsel your new address. It is your responsibility alone to provide a forwarding address to the United States Post Office and your current address to the Claims Administrator.

**Settlement checks will be mailed approximately 74 days after the Court approves the settlement, unless there are any appeals of the Court's decision. Settlement checks will be valid for 120 days after they are mailed.**

If you file a Claim Form and cash your settlement check, you will give up your right to sue, or join any other claims against, Defendants for acts occurring before the final approval date and arising under the federal wage and hour laws (for example, claims arising under the Fair Labor Standards Act).

If you timely submit a claim form and you believe your settlement check was lost or stolen, you must notify the Claims Administrator. The Claims Administrator shall issue a stop-payment on the check and issue a replacement check, provided that the original settlement check had not been negotiated prior to the stop payment order and the 120 period to negotiate the settlement checks has not expired.

## 8. What if I do not want to participate in the settlement?

If you don't want to be part of the case or the Settlement, then you must take steps to exclude yourself. To exclude yourself from the settlement, you must send the Claims Administrator a letter that includes the words, "I opt out of the Espinal wage and hour settlement." You must include your name, job title, address, telephone number and handwritten signature. Your exclusion request must be sent no later than **August 7, 2026** and can be mailed, emailed, or faxed to:

*Espinal v Tableone Settlement Administrator*
c/o Rust Consulting, Inc. - 9201
PO Box 2396
Faribault, MN 55021-9096
Email: info@BarSprezzaturaWageSettlement.com
Fax: (248) 733-6528

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not release any potential claims against Defendants or be legally bound by anything that happens in this lawsuit.

## 9. How do I tell the Court that I don't like the settlement?

If you do not exclude yourself from the Class, you can object to the settlement if you don't like any part of it. To object, you must send a letter by mail that includes the words "I object to the settlement in the *Espinal v. Tablone BSNYC LLC* et al., wage and hour litigation." as well as explicitly listing all reasons for the objection. Be sure to include your name, job title, address, telephone number and your signature. Mail, email, or fax the objection to:

*Espinal v Tableone Settlement Administrator*
c/o Rust Consulting, Inc. - 9201
PO Box 2396
Faribault, MN 55021-9096
Email: info@BarSprezzaturaWageSettlement.com
Fax: (248) 733-6528
Phone: (866) 478-3389

Your letter must be sent no later than **August 7, 2026.** Failure to include any and/or all of the information noted above may result in the invalidation of your objection.

## 10. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you are not allowed to object because the case no longer affects you.

## 11. When and where will the Court decide whether to approve the settlement?

The Honorably J. Paul Oetken will hold a Fairness Hearing on **August 18, 2026 at 11:30 a.m.**, at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York in Courtroom 706 to decide whether to approve the settlement. You are not required to attend the Fairness Hearing. Please contact Class Counsel before the hearing if you would like to attend it, as the location and date of the hearing may change. If you wish to bring anything to the Court's attention about the settlement, you should provide it in writing to the Claims Administrator according to Paragraph 10 above, who will provide your letter to the Court before the Fairness Hearing.

At this Hearing, the Court will consider whether the settlement is fair. If there are objections, the Court will consider them. The Court may also listen to people who have asked to speak at the Hearing prior to the Hearing date. After the Hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## 12. Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 13. May I speak at the hearing?

If you file a timely Objection to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include the words "I wish to speak at the Fairness Hearing" in your written objection, which must be filed according to the procedure described in Paragraph 10, above. You will be informed in advance whether you will be permitted to speak. If permitted to speak, your testimony at the Fairness Hearing must be limited to those reasons that are included in your written objection. You cannot speak at the Hearing if you exclude yourself from the settlement.

## 14. How Do I Get More Details About the Settlement or Request More Information?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by sending a request, in writing, to the Settlement Claims Administrator or Class Counsel at their contact information below. In addition, if you have any other questions about the settlement, you can contact the Settlement Claims Administrator at:

Espinal v Tableone Settlement Administrator
c/o Rust Consulting, Inc. - 9201
PO Box 2396
Faribault, MN 55021-9096
Email: info@BarSprezzaturaWageSettlement.com
Fax: (248) 733-6528
Phone: (866) 478-3389

You can also contact Class Counsel at the addresses and/or telephone numbers below.

Michael DiGiulio, Esq.
Maimon Kirschenbaum, Esq.
Joseph & Kirschenbaum LLP
45 Broadway, Suite 320
New York, NY 10006
212-688-5640
mike@jk-llp.com
maimon@jk-llp.com

DATED: JUNE 8, 2026